UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Mr. MARCUS MABLE, JR.

Plaintiff,

v.

TERRENCE E. CONKEL, MICHELLE BARLEY, JESSICA SYMMS, MARK THIELAND, BARB STOLTZ, JOE DUROCHER, and MARK METZ,

Defendants.

Civil No. 05-2364 (JNE/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a self-styled pleading entitled "Civil Rights Complaint." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state an actionable claim for relief, and that this action should

---

[1] Plaintiff did not pay the $250 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court found Plaintiff's IFP application to be deficient, and he was therefore directed to file an amended IFP application and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). (See Order dated October 24, 2005; [Docket No. 4].) Thereafter, Plaintiff filed an amended IFP application, (Docket No. 6), but he still has not paid any initial partial filing fee. It appears from Plaintiff's amended IFP application, however, that he may be unable to pay the initial partial filing fee required by § 1915(b)(1). Therefore, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.


therefore be dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff's complaint is a collection of bizarre allegations brought against various prison officials and other government employees. Plaintiff claims that Defendant Joe Durocher, who is identified as a "case manager" at the Minnesota Correctional Facility at Oak Park Heights, violated his right to privacy by somehow obtaining his driver's license, birth certificate and social security card, and then disseminating "personal information" to other unidentified prison employees. Plaintiff further alleges that those unidentified prison employees had "facials done," so they would look like Plaintiff, and then withdrew "huge amounts of money" from Plaintiff's bank accounts by impersonating him. Some of those employees allegedly were killed in a later "gun battle."

Plaintiff also is attempting to sue an attorney named Michelle Barley, who apparently represented Plaintiff in a prior criminal case. Plaintiff alleges that a county prosecutor and judge paid Barley to have sex with him, so she could get information from him about "where he was getting... guns from and who all Alfonzo Casey has killed." Plaintiff further alleges that Barley is the mother of two of his children, and that the county prosecutor and judge are preventing Plaintiff from seeing those children. In addition, Plaintiff vaguely alleges that the judge has somehow allowed the prosecutor to "extort [Plaintiff] out of 2 Million Dollars."

In an attachment to the complaint, Plaintiff accuses prison employees of "going to [his] homes in different states and breaking and entering and also killing some of [his] family and friends." In the same attachment, Plaintiff also accuses other prison employees of stealing his "personal files" in order to prevent him from operating his real estate business. He also

seems to be claiming that someone named "Dr. Craan" tried to take over some of his real estate, by trying to force him to sign over the deeds to his properties. Dr. Craan allegedly is a "Ring Leader" (of something), who lives in the prison with his family and friends. Plaintiff also alleges that Dr. Craan and his followers have been trying to figure out what to do with 300 kilograms of cocaine and a collection of murder weapons, which currently are hidden at the prison. (Plaintiff allegedly knows where this contraband is hidden, but he has not disclosed that information in his pleading). Plaintiff is asking the Court to grant him his freedom, and "get the real criminal[s] incarcerated."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

A pleading is legally frivolous, and therefore subject to summary dismissal under § 1915A(b)(1), when it presents claims based on "factual contentions [that] are clearly baseless," or when it presents "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327, 328 (1989). See also Denton v. Hernandez, 504 U.S. 25, 31-

32 (1992). Plaintiff's complaint fits that description.

Plaintiff's assertion that some prison officials have been impersonating him by having "facials done" is obviously fictitious. Plaintiff's allegations regarding Attorney Barley and Dr. Craan are also way beyond the realm of credibility. Simply put, Plaintiff's pleading, taken as a whole, is filled with delusions. The Court is easily satisfied that the complaint must be deemed frivolous for purposes of § 1915A(b)(1).

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[2] To date, he has not paid any fee at all, so he still owes the full $250 fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 6), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: November 30, 2005

s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by December 19, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.